IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MARY MILLER,**

        **Plaintiff,**

vs.                                              No. CIV 04-1190 WDS

**JO ANNE B. BARNHART, Commissioner**
of the Social Security Administration,

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing filed on March 8, 2005. Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security, who determined that Plaintiff was not eligible for disability insurance benefits or supplemental security income. The Court, having considered Plaintiff's Motion [docket # 8] and Memorandum Brief [docket # 9], Defendant's Response [docket # 10], Plaintiff's Reply [docket # 13], the administrative record and applicable law, finds that Plaintiff's Motion should be **DENIED,** and that this matter should be dismissed with prejudice.

### I. Background

Plaintiff, who was born on November 26, 1957, worked as a sales person, fast food assistant manager, and machine operator before the onset of her alleged disability. Tr. 90. Plaintiff began having seizures in 2002. Tr. 123. She also suffers some depression. Tr. 183-196.

Plaintiff filed her initial application for disability insurance benefits ("DIB") under Title II of the Social Security Act and for supplemental security income ("SSI") under Title XVI of the Social Security Act on August 6, 2002. Tr. 58-61. Plaintiff alleged that she became unable to work as a result of her disabling conditions on July 19, 2002. Tr. 58. After Plaintiff's application was denied

at the initial level, Tr. 34, 291, and at the reconsideration level, Tr. 35, 296, Plaintiff appealed by filing a request for hearing by an administrative law judge ("ALJ") on June 18, 2003, Tr. 46-47.

The hearing before the ALJ was held on January 13, 2004, at which Plaintiff appeared pro se. Tr. 301-328. Plaintiff alleged that she was disabled as a result of seizures, including side effects resulting from her medication. Tr. 311-313. In a decision dated May 25, 2004, the ALJ denied Plaintiff's claims for DIB and SSI. Tr. 19-29. Plaintiff then filed a request for review with the Appeals Council on June 22, 2004. Tr. 18. The Appeals Council denied Plaintiff's request for review on August 31, 2004, Tr. 15-17, and thereby rendered the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). *See* 20 C.F.R. §§ 404.981, 416.1481

On October 19, 2004, Plaintiff filed this action for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). After consent by the parties, [docket # 3, 5] this case was reassigned to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## II. Standard of Review

This Court may only review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. *Andrade v. Secretary of Health & Human Servs.,* 985 F.2d 1045, 1047 (10th Cir. 1993). In determining whether the Commissioner's findings are supported by substantial evidence, the Court should not re-weigh the evidence, nor should it substitute its judgment for that of the Commissioner. *Glass v. Shalala,* 43 F.3d 1392, 1395 (10th Cir. 1994). Instead, the Court should meticulously examine the record to determine whether the Commissioner's decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams v. Bowen,* 844 F.2d

748, 750 (10th Cir. 1993). The "substantial evidence" standard is satisfied by more than a scintilla, but less than a preponderance, of evidence. *Id.* However, evidence is not substantial if it is overwhelmed by other evidence or if it constitutes a mere conclusion. *Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir. 1989).

A sequential five-step analysis applies in determining whether an adult claimant is disabled and entitled to benefits under the Social Security Act. *See Williams,* 844 F.2d at 750-52; 20 C.F.R. §§ 404.1520, 416.920. First, the question is whether the claimant is engaged in substantial gainful activity. *Williams,* 844 F.2d at 750. If so, the claimant is not disabled; if not, the analysis proceeds to step two. *Id.* At the second step, the question is whether the claimant has an impairment or combination of impairments that is severe. *Id.* If not, the claimant is not disabled; however, if the claimant makes the required showing of severity, the analysis proceeds to step three. *Id.* at 750-51. At step three, the question is whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed at Appendix 1, Subpart P, of 20 C.F.R. Part 404 ("Listings" or "Listed Impairment"). *Id.* at 751. If so, the impairment is considered to be presumptively disabling. *Id.* If not, the analysis proceeds to step four, where the question is whether the impairment prevents the claimant from doing past work. *Id.* The claimant is not disabled if he or she can perform past work. *Id.* If the claimant cannot perform past work, the analysis proceeds to step five, where the burden shifts to the Commissioner to establish that the claimant has the residual functional capacity ("RFC") "to perform other work in the national economy in view of his age, education and work experience." *Id.* (quoting *Bowen v. Yuckert,* 482 U.S. 137, 142 (1987)). The claimant is entitled to benefits unless the Commissioner establishes that the claimant can "perform an alternative work activity and that this specific type of job exists in the national economy." *Id.* (quoting *Channel*

*v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984)).

### III.  Summary of the ALJ's Decision

At step one of the sequential five-step analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date.  Tr. 23.  The ALJ found at step two that Plaintiff had severe impairments of seizure disorder and depression, but he found at step three that Plaintiff's impairments were not severe enough to meet any of the Listings.  Tr. 24.  At step four, the ALJ concluded that Plaintiff retained the RFC to perform work at all exertional levels with the seizure-related limitation that she not work around hazards such as open fires, heights or moving machinery.  Tr. 25.  Additionally, the Plaintiff cannot drive.  Tr. 25.  Given this RFC assessment, the ALJ found that Plaintiff could not perform her past relevant work.  Tr. 26.  However, at step five the ALJ concluded that there were a significant number of jobs in the national economy that Plaintiff could perform.  Tr. 27-28.  Plaintiff contends that the ALJ erred by not properly advising Plaintiff at the hearing of her statutory right to counsel.  Second, the Plaintiff contends that the Appeals Council failed to consider new, material evidence that was submitted after the hearing.  Finally, Plaintiff contends that the ALJ erred by failing to evaluate or discuss the testimony of Plaintiff's mother.

### IV.  Discussion

1. <u>Whether Plaintiff Was Properly Advised of her Statutory Right to Counsel</u>

Plaintiff acknowledges that the ALJ advised Plaintiff of her right to be represented by an attorney at the start of the administrative hearing.  Plaintiff argues that the ALJ's statement was not thorough enough, particularly with regard to explaining fee arrangements that she could enter into with lawyers.  Plaintiff cites 7th Circuit cases such as *Thompson v. Sullivan*, 933 F.3d 581 (7th Cir. 1991) for the proposition that a Claimant's waiver of counsel is invalid if she is not advised by the

4

ALJ of (1) the manner in which an attorney can aid in the proceeding, (2) the possibility of free counsel or a contingent arrangement, and (3) the limitation of fees to 25% of past due benefits.

The Court, however, is bound by 10th Circuit case law. In *Garcia v. Califano*, 625 F.2d 354 (10th Cir. 1980), for example, the Claimant received only written notice of his right to have an attorney represent him. The hearing examiner did not advise the Claimant of his right to representation at the start of the hearing, and the 10th Circuit held that the examiner was not required to provide such advice. *Id*. at 356. The 10th Circuit reiterated its position in *Carter v. Chater*, 73 F.3d 1019 (10th Cir. 1996). In that case, the claimant received written notice of his right to representation, and also was advised of that right by the ALJ, albeit off the record before the administrative hearing.

In this instance the Plaintiff received both written and verbal notice of her right to representation at the administrative hearing. Significantly, the written notice contained information relating to the availability of free and contingent fee services, and invited Plaintiff to contact her local Social Security Office for "a list of groups that could help you with your appeal." Tr. 37. The Court finds that Plaintiff was properly advised of her statutory right to counsel, and Plaintiff's motion is not well taken.

2. <u>Whether the ALJ Commit Legal Error by Failing to Evaluate or Discuss the Testimony of Plaintiff's Mother</u>

Plaintiff next argues that the ALJ committed error by not considering the testimony of Plaintiff's mother, Marilyn Duckacki. Although it is true that the written opinion of the ALJ did not specifically mention Ms. Duckacki's testimony, that fact alone does not establish that the testimony was not considered. Ms. Duckacki, who lives with her daughter, Tr. 307, first described her

5

daughter's seizures: "[S]he's there for about 10, 15 minutes. And after that, she gets up and she more or less lays on the couch and her whole day is shot. . ." Tr. 320. The opinion of the ALJ did not discount this testimony. The ALJ found that Plaintiff had had seizures, very much like those described by her mother, and that these seizures were documented in the medical record. The key issue in this case was not whether Plaintiff had had seizures, but the frequency of those seizures and whether they had been controlled with medication. With regard to the frequency of seizures, Ms. Duckacki testified that she had witnessed "possibly" six or seven seizures over the approximately 21 month period[1] that had elapsed since Plaintiff's first seizure. Tr. 320.

Ms. Duckacki's testimony does not contradict the medical record that was relied upon by the ALJ. The medical record reflects that Plaintiff had three episodes in 2002, one in March, one on June 19, and one on July 19. Tr. 259-260. Plaintiff had one subsequent episode in January 2003, one in February of 2003, and two in April of 2003. Tr. 254, 250. Throughout this period her physician, Dr. Anna Vigil, was adjusting the Plaintiff's medication in order to find therapeutic levels. Tr. 254, 250. Plaintiff next had an episode around the beginning of October, 2003, which was followed by a five-day video EEG at University Hospital during which no episodes occurred. Tr. 274, 277, 279. Finally, Plaintiff had an episode on December 28, 2003, but experienced no further recurrences through the administrative hearing in mid-January 2004.

Ms. Duckacki's testimony was consistent with the medical records relied on by the ALJ, in terms of the nature and frequency of Plaintiff's seizures. The ALJ is not required to make a written finding about the credibility of each witness. *Adams v. Chater*, 93 F.3d 712 (10th Cir. 1996)

---

[1]Plaintiff's first seizure appears to have occurred in April 2002. The administrative hearing was held on January 13, 2004.

Plaintiff's objection on this ground is not well taken.

3. <u>Whether the Appeals Council Erred by Issuing Its Opinion Before Receipt of Plaintiff's Additional Medical Evidence</u>

The ALJ issued his Hearing Decision on May 25, 2004. Tr. 19-29. Plaintiff applied for review by the Appeals Council on June 22, 2004. Tr. 18. Plaintiff retained a lawyer in August, and the lawyer wrote to the Appeals Council on August 16, 2004, requesting a copy of the hearing tape and notifying the Council that he intended to submit additional medical and vocational documentation upon receipt of the tape. Tr. 7. On August 31, 2004 the Appeals Council denied Plaintiff's request for review. Tr. 15-17. It is not clear from the record when Plaintiff's attorney received a copy of the hearing tape, but for purposes of this motion the Court assumes that it was not received until after August 31, 2004. Plaintiff submitted her supplemental medical evidence on October 14, 2004. Tr. 5. The additional evidence consisted of a form captioned "Medical Assessment of Seizure Disorder" from Roland Sanchez, MD. Tr. 6.

Plaintiff argues that the Appeals Council should have refrained from ruling on Plaintiff's appeal until it had received and considered the supplemental medical information. The Defendant points out that nearly five months elapsed between Plaintiff's receipt of the Hearing Decision and her submission of the material in question. Defendant also points out that supplemental material is supposed to be submitted to the Appeals Council with the request for review. The Court is not without concern regarding the manner in which the record was supplemented with Dr. Sanchez' assessment, but given the non-adversarial nature of the underlying proceeding the Court will consider the supplemental material on its merits.

The 10th Circuit has held, pursuant to *20 C.F.R. 404.970(b)*, that "new evidence [submitted

7

to the Appeals Council] becomes a part of the administrative record to be considered when evaluating the Secretary's decision for substantial evidence." *O'Dell v. Shalala,* 44 F.3d 855, 859 (10th Cir. 1994). The cited regulation specifically requires the Appeals Council to consider evidence submitted with a request for review "if the additional evidence is (a) new, (b) material, and (c) related to the period on or before the date of the ALJ's decision." *Box v. Shalala,* 52 F.3d 168, 171 (8th Cir. 1995) (internal quote omitted); *see also O'Dell,* 44 F.3d at 858. If the Appeals Council fails to consider qualifying new evidence, the case should be remanded for further proceedings. *Box,* 52 F.3d at 171.

Whether the "Medical Assessment of Seizure Disorder" qualifies as new, material, and chronologically pertinent is a question of law subject to the Court's *de novo* review. *Id.* Evidence is new within the meaning of *20 C.F.R. 404.970(b)* if it is not duplicative or cumulative. *Wilkins v. Sec'y, Dep't of Health & Human Servs.,* 953 F.2d 93, 96 (4th Cir. 1991). Much of the information contained in Dr. Sanchez' assessment is not new. With the exception of questions #2, 11 and 14, the information in question was before the ALJ, typically in a more original format. For example, in response to Question #9, Dr. Sanchez indicated that Plaintiff experienced temporary memory loss, confusion, and tiredness after her seizures. However, Plaintiff and her mother had testified to this, and the information was documented in the medical records reviewed by the ALJ. Those medical records included Dr. Sanchez' treatment records. Similarly, while Dr. Sanchez checked a box indicating that a CT scan had been performed on Plaintiff, the actual report of the CT scan was part of the record at the time of the administrative hearing and reviewed by the ALJ.

The evidence on the assessment form which might be considered "new" is in response to questions #2, 11, and 14. In summary, Dr. Sanchez states that Plaintiff was having seizures approximately twice a month, and that therefore her seizures were "uncontrolled." This evidence was

not part of the medical record reviewed by the ALJ, nor was it presented through testimony at the hearing.

The second question for the Court is whether this "new" evidence is material. Evidence is material to the determination of disability "if there is a reasonable possibility that [it] would have changed the outcome." *Id. at 96*. In other words, had the ALJ had Dr. Sanchez' "Medical Assessment of Seizure Disorder" at the time of the hearing, is there a reasonable possibility that his decision would have been favorable to Plaintiff? The Court finds that the assessment in question is not material and would not have changed the outcome of the administrative hearing. The problem with the "new" evidence provided by Dr. Sanchez is that it is directly contradicted by the rest of the medical record, including Dr. Sanchez' medical records. As noted in an earlier section of this opinion, no treating physician documented a seizure frequency of approximately twice a month. In the seven months following Plaintiff's first incident in 2002, Dr. Sanchez documented three seizures. The record indicates that Plaintiff had approximately six incidents in 2003, and four of those occurred between January and April, while Plaintiff's physicians were adjusting her medication.

The only apparent correlation between Dr. Sanchez' assessment and the record at the time of the administrative hearing is a correlation between the assessment and the testimony of the vocational expert. Specifically, the vocational expert testified that if Plaintiff missed two days of work a month for three months she would be fired. Tr. 326. Plaintiff suggests that the case should be remanded to the Appeals Council or the ALJ so that they can consider Dr. Sanchez' assertion that Plaintiff was experiencing about two seizures per month. However, the Court finds that there is no reasonable probability that consideration of Dr. Sanchez' seizure assessment would change the outcome of the earlier proceeding. Dr. Sanchez' after-the-fact, conclusory assertion that Plaintiff

9

experienced more than one seizure a month is directly contradicted by his own treatment records as well as the treatment records for all other physicians involved in Plaintiff's care. As a matter of law, the assertion is not credible and therefore not material. Since the evidence does not qualify as "new evidence" under *20 C.F.R. 404.970(b)*, remand for further proceedings is not necessary. Plaintiff's motion is not well taken and is denied.

### V.  Conclusion and Summary

There is substantial evidence to support the ALJ's conclusion that Plaintiff could perform work at all exertional levels with the seizure-related limitation that she not work around hazards such as open fires, heights or moving machinery. The decision of the ALJ was consistent with regulatory criteria.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reverse and Remand for a Rehearing [docket # 8] is **DENIED,** and this matter shall be dismissed with prejudice.

_____
**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**